UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

----------------------------------------------------------------X

TIMOTHY WILLIAMS,

                 Plaintiff,

        -against-

CHIFFON SCOTT, CHRISTA HIGGINS, DENISE
LIVRIERI, ADMINISTRATION FOR CHILDREN
SERVICES, CHILD SUPPORT ENFORCEMENT
BUREAU, NYS CHILD SUPPORT PROCESSING
CENTER, WORKERS COMPENSATION BOARD,
IMPERIUM INSURANCE COMPANY, NATION
FINANCIAL SERVICES LLC, NAVY FEDERAL
CREDIT UNION, BANK OF AMERICA, TD BANK
N.A., BETHPAGE FEDERAL CREDIT UNION,
DECISION HR II, INC., ALFRED GRAF, Suffolk
County District Court Judge; JERRY HILLS, Child
Support Compliance Officer or Designee; SHAWNA
NEBLETT, Child Support Compliance Officer or
Designee; THE SUPERVISOR OF THE CHILD
SUPPORT PROCESSING CENTER, EXPERIAN,
EQUIFAX INFORMATION SERVICES, LLC,
TRANSUNION, DEPARTMENT OF LABOR, PABCO,
CORD CONTRACTING, ISLAND ACOUSTICS,
COMPONENT ASSEMBLY SYSTEMS, CURTIS
PARTITION, OFFICE OF THE NEW YORK CITY
COMPTROLLER, MERIDITH LAFLER, MICHAEL J.
WILLIAMS, Chief Court Clerk (Administration Family
Court);

**<u>MEMORANDUM & ORDER</u>**
24-CV-4719 (JMA)(JMW)

**FILED**
**CLERK**

5/12/2025 10:59 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

                 Defendants.

----------------------------------------------------------------X

**JOAN M. AZRACK, District Judge:**

      On July 19, 2024, Timothy Williams ("Plaintiff") filed a *pro se* civil rights Complaint in

this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed

*in forma pauperis* ("IFP"). (Compl., ECF No. 1; IFP App., ECF No. 2.)  Upon review of the

declaration accompanying Plaintiff's application to proceed IFP, the Court finds that Plaintiff's

financial status qualifies him to commence this action without prepayment of the filing fee.  *See*

28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed IFP (ECF No. 2) is granted. However, for the reasons that follow, the Complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and Federal Rule of Civil Procedure 12(h)(3). Given the Court's dismissal of the Complaint, the Court declines to sign Plaintiff's proposed order to show cause concerning a preliminary injunction and temporary restraining order.

## I.     Background[1]

Plaintiff's *pro se* Complaint is submitted on the Court's civil rights complaint form for actions brought pursuant to Section 1983 and names thirty defendants,[2] each of whom is alleged to have had some involvement over the past ten years with the garnishment of Plaintiff's wages or levies on his bank accounts in connection with his child support obligations. (*See* Compl., ECF No. 1, *in toto*.)[3] In its entirety, Plaintiff "Statement of Claim" alleges that, at the Suffolk County

---

[1] All material allegations in the Complaint are assumed to be true for the purposes of this Order, *see*, *e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] The Defendants are: Chiffon Scott ("Scott"), Christa Higgins ("Higgins"), Denise Livrieri ("Magistrate Livrieri"), Administration for Children Services ("ACS"), Child Support Enforcement Bureau ("CSEB"), NYS Child Support Processing Center ("NYSCSPC"), Workers Compensation Board ("WCB"), Imperium Insurance Company ("Imperium"), Nation Financial Services LLC ("NFS"), Navy Federal Credit Union ("NFCU"), Bank of America ("BOA"), TD Bank N.A. ("TD Bank"), Bethpage Federal Credit Union ("BFCU"), Decision HR II, Inc. ("Decision HR II"), Alfred Graf, Suffolk County District Court Judge ("Judge Graf"); Jerry Hills ("Hills"), Shawna Neblett ("Neblett"), Supervisor of the Child Support Processing Center ("Supervisor of CSPC"), Experian, Equifax Information Services, LLC ("Equifax"), Transunion, Department of Labor ("DOL"), Pabco, Cord Contracting ("Cord"), Island Acoustics, Component Assembly Systems, Curtis Partition ("Partition"), Office of the New York City Comptroller "NYC Comptroller"), Meridith Lafler ("Magistrate Lafler"), Michael J. Williams, Chief Court Clerk (Administration Family Court) ("Williams" and collectively, "Defendants").

[3] Plaintiff is no stranger to this Court. On May 26, 2023, Plaintiff filed a Notice of Removal seeking to remove to actions filed in 2013 and 2014 from the Family Court of the State of New York, Suffolk County, proceeding under Index Nos. P-1445-14 and F15258-13, to this Court. *See Scott v. Williams*, 23-CV-4008(JMA)(ST). In summarily remanding that case, the Court noted that "Williams reports that child support payments have been garnished from his wages, suggesting that the matter has concluded. (*Id.*, ECF No. 4 at 2.) Of note, Chiffon Scott was the petitioner in the Paternity Petition under Index No. P-1445-14 filed on January 17, 2014. (*Id.*, ECF No. 1 at 3-6.) In addition, the Notice of Removal included two summonses directing Williams to appear before Support Magistrate Denise Livrieri on September 5, 2013 and on February 25, 2014. (*Id.* at 8-9, 11-12.)

Family Court:

August 8, 2013 Chiffon Scott filed for child support, as required by Federal Rule 4 I was supposed to be served in accordance with Law.  I was not.  Subsequently the case was dismissed September 19, 2013 being paternity was never established. January 17, 2014 Chiffon Scott filed for paternity, the appearance date was February 25, 2014.   The summons indicated in bold letters (service within NYS), once again I was not served.   Chiffon Scott, Magistrate Denise Livrieri and Chief Court Clerk Michael J. Williams all proceeded to enforce a judgement violating my Fifth Amendment, Fourteenth Amendment and Seventh Amendment rights which is constitutionally protected.  Each one of the three individuals also violated 42 USC 1983.  Chiffon Scott who is an officer for the Administration for Children Services also takes an oath or affirmation to uphold Local government policy and procedure as well as Administrative policy and procedure and support the United States and NYS Constitution which makes her and the Administration for Children Services as well as Michael J. Williams and Denise Livrieri guilty of a 28 USC 453 violation. Additionally being all three individuals are employees of a state or local government in an Administrative hearing they were all acting under the color of law which is a violation of 18 USC 242.   November 3, 2017 Chiffon Scott filed an upward modification to the support order, once again I was not served in accordance with FRCP (4).   January 19, 2018 my Support ORDER was increased absent personal jurisdiction.   The Magistrate who presided over the modification was Meridith Lafler, the violation was equivalent to the prior magistrates violation which is 42 USC 1983, the Fifth Amendment, Fourteenth Amendment, 28 USC 453, 28 USC 636, and 18 USC 242.   On March 31, 2023 I filed a motion by Order to Show Cause which was denied by Meridith Lafler being I cited Criminal Law instead of Civil.   I objected within the 35 days as required by law.   April 24, 2023 Hon. Alfred Graf denied my objection with prejudice and states that the order was issued on consent.  I disagree the order was issued under duress, coercion and lacked statutory requirements in relation to proper service.  He also violates 42 USC 1983, 28 USC 636, the Fifth & Fourteenth Amendment, 28 USC 453, FRCP 4, 18 USC 242 and the Seventh Amendment.

Throughout the last 10 years I have worked as a union carpenter and I've been employed by a number of companies, each company at the compliance of the Child Support Enforcement Bureau and NYS Child Support Processing Center proceeded to garnish my wages weekly which is a violation of 42 USC 1983, the Fifth and Fourteenth Amendment (See Companies attached).   Additionally, I was also garnished by the department of labor, the Workers Compensation and Imperium Insurance Company after receiving withholding orders.  Finally each one of my bank accounts received levies which were enforced after receiving withholding orders.   (See banks attached).

3

> All withholding order were signed off by Child Support Compliance Officers, the Supervisor and the head.   (See Designee attached). All three credit bureaus are in violation of 5 USC 552a and 15 USC 1681s-2.

(*Id*. ¶ II.)   In addition, Plaintiff has written the laws upon which he seeks relief next to the names of each Defendant listed in the "Parties" section of the Complaint. (*Id*. at 2-7.)   These laws include 5 U.S.C. § 552a; 18 U.S.C. § 242; 28 U.S.C. §§ 453, 636, 1361; 42 U.S.C. §§ 1983, 1988; and Federal Rule of Civil Procedure 4.   (*Id*.)   For relief, Plaintiff alleges that "[a]ll injuries are financial. I have been getting my wages garnished for the past 10 years and had levies placed on my bank accounts" and seeks to recover "monetary relief in the form of $1,000,000 per defendant" in addition to the "full dismissal of this support order."   (*Id*. ¶¶ II.A-III.)

On April 28, 2025, Plaintiff filed a proposed order to show cause for a preliminary injunction and temporary restraining order.   (ECF No. 5.)   Plaintiff's papers reiterate the claims made in his complaint and assert that he should not be required to pay child support because he recently lost his job and the state court child support proceeding "lack[ed] personal jurisdiction." (ECF No. 5-1 at 3.)   Attached to Plaintiff's proposed order to show cause are various filings from Plaintiff's state court proceedings.   (ECF No. 5-1.)   In January 2024, Plaintiff filed a motion to vacate a July 10, 2014 Order of Support for alleged improper service.   (*Id*. at 9–14.)   In a decision dated February 15, 2024, Magistrate Lafler denied Plaintiff's motion and explained that Plaintiff— who personally appeared in court on numerous occasions in 2014 and repeatedly waived his right to counsel—was now precluded from "asserting lack of service."   (*Id*. at 24–25.)   Plaintiff filed objections to Magistrate Lafler's February 15, 2024 decision.   (*Id*. at 26–27.)   Plaintiff's order to show cause also indicates that Plaintiff also filed objections to a January 19, 2018 order by Magistrate Lafler.   (*Id*. at 41–42.)   Judge Graf denied those objections, finding that Plaintiff

waived any objections to service by personally appearing on multiple occasions in 2017 and that Plaintiff's objections were also untimely.  (*Id.*)  The documents attached to Plaintiff's order to show cause do not indicate that he filed any documents in state court concerning the loss of his job on April 7, 2025.

## II.    Discussion

### A.    IFP Application

Upon review of Plaintiff's declaration in support of his application to proceed IFP, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's application to proceed IFP (ECF No. 2) is granted.

### B.    Application of 28 U.S.C. § 1915

The IFP statute, 28 U.S.C. § 1915(e)(2)(B), requires a district court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   District courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest."   *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint."   *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).   Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face."  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

### C.    Domestic Relations Abstention

The domestic relations exception—which applies to state law claims—derives from an appreciation that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890).  One decision recently summarized the related domestic relations abstention doctrine, which applies to federal claims :

> In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction of claims in which it is 'asked to grant a divorce or annulment, <u>determine support payments,</u> or award custody of a child.' *Id*. (internal quotation marks and citation omitted) [(emphasis added)]. Thus, this abstention doctrine applies when a federal district court is asked, under its federal question jurisdiction, to <u>determine child support or modify a previously determined child support amount set by a state court</u>. *See id.*; *Legister*, 2020 WL 7405672, at *4 [emphasis added] ("Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court to overturn or 'dismiss and void' final determinations of the New York Family Court. . . . He challenges the fact that he must pay child support, the amount owed, and that his income is being garnished

to pay his child-support arrears. His claims therefore involve domestic-relations issues. Thus, unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's orders and judgments and their enforcement."); *Mayers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in American Airlines."). More recently, the Second Circuit, in *Deem v. DiMella-Deem*, held that its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019).

*Goodwin v. Bronx Family Court, et al.*, No. 24-CV-4103, 2024 WL 4168348, at *4 (S.D.N.Y. Sept. 9, 2024); *see also Sekou Camera v. New York City Dept of Soc. Servs.*, No. 24-CV-5886, 2024 WL 4107256, at *2 (E.D.N.Y. Sept. 5, 2024) ("Federal courts must abstain from exercising federal question jurisdiction over claims involving domestic relations issues such as child support.") (citing *Deem v. DiMella-Deem,* 941 F.3d 618, 625 (2d Cir. 2019)); *Donahue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order) (federal courts lack jurisdiction over child support payments); *Oliver v. Punter*, No. 22-CV-3580, 2022 WL 3228272, at *3 (E.D.N.Y. Aug. 10, 2022) ("The domestic relations exception to federal jurisdiction divests the federal courts of power to issue divorce alimony and child custody decrees . . . . This exception also extends to child support determinations and the enforcement thereof.") (internal quotations and citations omitted)).

Given that the Complaint seeks, *inter alia*, "a full dismissal of the support order" and does not plausibly allege "there is an obstacle that prevents him from receiving a full and fair determination" of his claims concerning the enforcement of his child support obligations, this Court abstains from exercising its subject matter jurisdiction over the claims asserted in the

Complaint and, thus, dismisses (with one exception) all of Plaintiff's claims without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).[4]  *See Phillips v. Wagner*, No. 22-CV-0833, 2022 WL 17406092, at *4 (N.D.N.Y. Nov. 4, 2022), *report and recommendation adopted*, 2022 WL 17403441 (N.D.N.Y. Dec. 2, 2022).

### D.    *Rooker-Feldman* Doctrine

Even if the domestic relations exemption did not apply, the Rooker-Feldman doctrine divests this Court of jurisdiction over Plaintiff's claims.   *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 414–15 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."   *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).   The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Sung Cho v. City of N.Y.*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).   In other words, *Rooker-Feldman* applies only after state-court proceedings have "ended."   *Exxon Mobil*, 544 U.S. at 291.

"[W]hile keeping in mind the Supreme Court's warning that courts must avoid extending *Rooker-Feldman* beyond the narrow circumstances in which it properly applies," the Second Circuit has "articulated a four-part test" for determining whether the *Rooker-Feldman* doctrine controls in each case.   *Hunter v. McMahon*, 75 F.4th 62, 68–69 (2d Cir. 2023).   Under that test,

---

[4]  As explained below, Plaintiff's claims against three credit reporting agencies are dismissed with prejudice.

a district court cannot exercise jurisdiction if: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id*. (citation omitted).

Here, each prong is met. Plaintiff lost in state court and complains of injuries caused by the state court judgments. (Compl., ECF No. at 10-11.) To be sure, Plaintiff alleges that Scott filed, in January 2014, a petition seeking to establish paternity as well as for child support. (*Id*. at 10.) Plaintiff alleges that he was not properly served with notice of those proceedings (and inexplicably claims that Federal Rule of Civil Procedure 4 governed state court service) yet a paternity determination was made and child support was ordered. (*Id*.) Further, Scott sought and received upward modifications to the child support payment amounts in November 2017 and January 2018. (*Id.*) Finally, Plaintiff alleges that he unsuccessfully challenged those determinations and, the matter was concluded on April 24, 2023 when Judge Graf, New York State Family Court Judge, Suffolk County, denied Plaintiff's "objection." (*Id.*) Plaintiff commenced this action on July 19, 2024, well over a year after those proceedings are alleged to have concluded. And, Plaintiff seeks a "full dismissal of this support order" in this Court which clearly invites the review and rejection of the state court judgment. (*Id.* ¶ III.) As a result of the state court orders challenged here, Plaintiff complains to have suffered financial injuries due to the garnishment of wages and levies on his bank accounts made pursuant to the state court's orders. (*Id*. ¶ II.A., and at 11.)

Thus, under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims challenging the state court judgments concerning paternity, child

9

support, and the enforcement thereof.  A challenge to "the validity or enforcement of [a] child support order itself" constitutes an injury "caused by a state court judgment." *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013); *Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487, 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family court decrees setting child support arrears.") (internal quotation marks and citation omitted).  Accordingly, *Rooker-Feldman* divests this Court of jurisdiction to adjudicate Plaintiff's claims and they are thus dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3). *See, e.g, Hart v. Shmayenik*, No. 23-CV-4779 (LTS), 2023 WL 7164975, at *4 (S.D.N.Y. Oct. 30, 2023) ("[T]he Court lacks authority to reconsider the Family Court's determination that Plaintiff owes child support, or the amount owed, [thus] Plaintiff's claims against DSS and Defendant Shmayenik, seeking to overturn the I[ncome] W[ithholding] O[rder] as invalid and enjoin its enforcement, must be dismissed for lack of subject matter jurisdiction.") (citing *Fernandez v. Turetsky*, 645 F. App'x 103, 105 (2d Cir. 2016) (finding the seizure of appellant's car was "an injury 'produced by' or caused by the state-court judgment setting arrears")); *see also Sorenson v. Suffolk Cnty. Child Support Enforcement Bureau*, 07–CV–03755(JFB)(AKT), 2009 WL 580426, at *6-7 (E.D.N.Y. Mar.5, 2009) (finding plaintiff, who previously unsuccessfully sought to have child support "arrears vacated . . . in state court" cannot "utilize the federal courts to, in essence, challenge the existing judgment regarding child support arrears, or the County's enforcement of that judgment").

For the reasons set out above, pursuant to both the domestic relations abstention doctrine and *Rooker-Feldman*, the Court dismisses (with one exception) all of Plaintiff's claims without prejudice (except for his claims against three credit reporting agencies, which are discussed in the

next section).[5]

### E.   Claims Against the Credit Reporting Agencies Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 and the Privacy Act of 1974, 5 U.S.C. § 552a

The Complaint's only allegations concerning Experian, Equifax, and Transunion (collectively, the "Credit Reporting Agencies") are that "all three credit bureaus are in violation of 5 USC 552a [(the Privacy Act")], and 15 USC 1681s-2 [of the Fair Credit Reporting Act "FCRA")]." (Compl., ECF No. 1 at 11.)   It seems likely that Plaintiff's purported claims concerning the Credit Reporting Agencies are so intertwined with his claims concerning child support and garnishment that the domestic relations abstention doctrine would also warrant abstaining from exercising jurisdiction over Plaintiff's claims against these three defendants under the Privacy Act and the FCRA.   However, given the utter conclusory nature of Plaintiff's claims against these three defendants, it is impossible to discern anything about the substance of these claims.   Accordingly, the Court determines that it is more appropriate to address these claims, on the merits, and to dismiss these claims with prejudice.   Plaintiff's conclusory Complaint does not plausibly allege any claims against the Credit Reporting Agencies under the FCRA or the Privacy Act.

---

[5]  The Court notes that, if the domestic relations abstention and *Rooker-Feldman* doctrines were not applicable, Plaintiffs' claims would also subject to dismissal on the following additional grounds:  (1) the Complaint fails to allege plausible claims against any defendants under Section 1983 or any of the other statutes cited in the Complaint; (2) the damages claims against Judge Graf, Magistrate Livrieri, and Magistrate Lafler are precluded by judicial immunity and the claims for injunctive relief pursuant to Section 1983 against those judicial defendants are barred by the provision in Section 1983 that severely restricts the availability of injunctive relief against judicial officers; (3) sovereign immunity precludes all claims against NYSCSPC and WCB and all Section 1983 claims against Hills, Neblett, Magistrate Livrieri, Magistrate Lafler, and Williams in their official capacities; and (4) the Complaint does not plausibly allege state action for his Section 1983 claims against the private defendants, Scott, Imperium, NFS, NFCU, BOA, TD Bank, BFCU, Decision HR, Experian, Equifax, Transunion, Pabco, Cord, Island Acoustics, Component Assembly Systems, and Partition.

### III.    Leave to Amend

Federal Rule of Civil Procedure Rule 15(a)(2) provides that a party shall be given leave to amend "when justice so requires."   Fed. R. Civ. P. 15(a)(2).   "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); *see also Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord).

With respect to the Credit Reporting Agencies, there is nothing in the Complaint (or Plaintiff's most recent filings) which gives any indication that Plaintiff may be able to state plausible claims against the Credit Reporting Agencies under the Privacy Act or the FCRA. Accordingly, the Court declines to grant Plaintiff leave to amend as to those claims.

As to all of Plaintiff's other claims, the Court:   (1) abstains from exercising its subject matter jurisdiction under the domestic relations exemption and; (2) also finds that subject-matter jurisdiction is lacking under the *Rooker-Feldman* doctrine. (*See supra* at 5-9.)   For the reasons set forth above, the defects in Plaintiff's claims are substantive and could not be cured with better pleading.   The Complaint does not give any indication that an amended complaint could cure these defects.   Accordingly, the Court declines to grant Plaintiff leave to amend as to any claims or defendants.

### IV.    Conclusion

Plaintiff's application to proceed *in forma pauperis* is granted.   However, for the reasons set forth above, the Complaint is *sua sponte* dismissed with prejudice as to the Credit Reporting

Agencies and dismissed without prejudice as to the claims against all other defendants.   The Clerk of the Court shall: (1) enter judgment accordingly; (2) mail a copy of this Memorandum and Order to the Plaintiff at his address of record and note such mailing on the docket; (3) mark this case closed.   Because the Court is dismissing Plaintiff's Complaint, the Court declines to sign Plaintiff's proposed order to show cause as his requests for a temporary restraining order and preliminary injunction are now moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: May 12, 2025
      Central Islip, New York

                                                                                   /s/ (JMA)
                                                                     Joan M. Azrack
                                                                     United States District Judge